IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAWN M. THELEN n/k/a, DAWN M. FORD,

    Respondent and Third-Party Plaintiff,

and

CHRISTOPHER T. THELEN,

    Petitioner and Involuntary Third-Party Plaintiff,

    v.

TRUIST a/k/a AMERICAN EDUCATION SERVICES, U.S. DEPARTMENT OF EDUCATION, and NELNET, INC.,

    Third-Party Defendants.

OPINION and ORDER

23-cv-367-jdp

---

This case involves federal student loans that Dawn Ford and Christopher Thelen consolidated during their marriage. After Ford and Thelen divorced, each assumed responsibility for paying a portion of the consolidated loans. Dkt. 1-1. Ford alleges that, after the divorce, Thelen was deemed to have a total and permanent service-connected disability, which resulted in the discharge of certain of Thelen's student loans, but not the consolidated loans. Ford contends that the consolidated loans also should have been discharged. She brought this action in state court seeking relief against the United States Department of Education, Truist (the company servicing the consolidated loans), and Nelnet (the servicer for loans where a borrower claims total and permanent disability).

The Department of Education removed the case to this court. Ford and Thelen dismissed their claims against the Department of Education, leaving Truist and Nelnet as defendants. Dkt. 12.

Truist moved to dismiss Ford's complaint, contending that it fails to state a claim under the Declaratory Judgment Act and that any plausible action is time barred. Dkt. 11; Dkt. 13. Ford and Thelen failed to respond. Truist asks the court to dismiss Ford's complaint with prejudice.

Failure to respond to the motion to dismiss constitutes a waiver of any potential arguments in opposition to the motion. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). When a plaintiff does not oppose a motion to dismiss, the court need not do her research for her to discover whether there might be something to say against the defendant's reasoning. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Truist has provided plausible reasons to dismiss the third-party complaint, so the court will grant its motion and dismiss the claims against Truist with prejudice.

The only remaining defendant is Nelnet. But plaintiffs have not provided proof of service on Nelnet, despite the court's direction for them to do so. Plaintiffs also failed to comply with the court's instruction for the parties to provide a Rule 26(f) report in advance of the previously scheduled preliminary pretrial conference. Dkt. 14. Plaintiffs may have until January 3, 2024, to provide proof of service as to defendant Nelnet. If proof of service is filed, the court will schedule another pretrial conference. But if they fail to do so, the court will dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1. Third-party defendant Truist's motion to dismiss, Dkt. 11, is GRANTED; the claims against Truist are dismissed with prejudice.

2. Plaintiffs Dawn Ford and Christopher Thelen may have until January 3, 2024, to provide proof of service on Nelnet.

Entered December 13, 2023.

                                  BY THE COURT:

                                  _____
                                  JAMES D. PETERSON
                                  District Judge